IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL INNOVATIONS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INDIVOS CORPORATION, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-03-3125 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO LIFT STAY AND FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>(Docket No. 287) |

　　　　Before the Court is plaintiffs' motion, filed June 17, 2005, to lift the automatic stay imposed when plaintiff Excel Innovations, Inc. ("Excel") filed bankruptcy proceedings, and for entry of judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, with respect to the Court's May 27, 2004 order granting partial summary judgment for defendants Indivos Corporation ("Indivos") and Solidus Networks, Inc. ("Solidus") on the issue of patent ownership ("Patent Ownership Order"). Defendants have filed opposition to the instant motion, to which plaintiffs have replied. Having considered the briefing submitted in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 22, 2005 hearing. For the reasons set forth below, the motion is hereby DENIED without prejudice.

**BACKGROUND**

In this action, Excel asserts claims for infringement of fifteen patents, and for breach of contract, against defendants Indivos and Solidus. Indivos and Solidus filed counterclaims against Excel, Ned Hoffman ("Hoffman"), and Aviv LLC ("Aviv"), for (1) declaratory relief as to ownership of twenty-four patents; (2) infringement of fifteen of those patents; (3) intentional interference with prospective business advantage; (4) violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (5) business disparagement/slander of title, and (6) conspiracy.

On May 27, 2004, the Court granted defendants' and denied plaintiff's respective motions for partial summary judgment on the issue of patent ownership, determining that defendants owned each of the fifteen patents at issue in Excel's infringement claims. On May 4, 2004, after the motions for summary judgment were briefed but before they were heard, defendants filed, with the magistrate to whom all discovery disputes were referred, a motion for terminating sanctions against Excel, Hoffman, and Aviv, based on the argument that they "deliberately fabricated, altered and concealed evidence and committed perjury." (See Motion for Sanctions, filed May 4, 2004, at 2.)

On June 18, 2004, before defendants' motion for sanctions could be heard, plaintiffs notified the Court that Excel, Hoffman, and Aviv each had filed separate bankruptcy proceedings, and that, accordingly, the instant action was automatically stayed, pursuant to 11 U.S.C. § 362(a). On June 21, 2004, the Court conditionally closed the case for statistical purposes only.

On May 31, 2005, in the Excel bankruptcy proceedings, the Bankruptcy Court granted Excel's motion for limited relief from the automatic stay, and modified the automatic stay "to permit [Excel] (1) to seek from the District Court . . . either express determination, or alternatively such certification as may otherwise be required, to pursue immediate appellate review of the District Court's Memorandum Opinion and 'Order Denying Plaintiff's Motion and Granting Defendants' Motion for Partial Summary Judgment on the Issue of Patent Ownership' dated May 27, 2004, and if such appellate review is granted [Excel] by

the District Court, to prosecute such appeal in accordance with non-bankruptcy law; and (2) for no other purpose[.]" (See Lateef Decl. ¶ 2 and Ex. 1.)  On June 10, 2005, defendants filed a notice of appeal of the Bankruptcy Court's May 31, 2005 order.  (See Defendants' Request for Judicial Notice Ex. 13.)

On June 21, 2005, in the Excel bankruptcy proceedings, the Bankruptcy Court denied a motion by Indivos and Solidus to lift the automatic stay for purposes of pursuing their motion for terminating sanctions in the instant action.  (See id. Ex. 12.)  On June 30, 2005, defendants filed a notice of appeal of the Bankruptcy Court's June 21, 2005 order denying defendant's motion to lift the automatic stay.  (See id. Ex. 14.)

Excel now moves, before this Court, for an order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, lifting the bankruptcy stay and entering judgment for defendants on Excel's claims for patent infringement and patent ownership so that Excel can pursue an appeal of this Court's order of May 27, 2004.

**DISCUSSION**

The Court recognizes that the relief sought by the instant motion may serve to assist the Bankruptcy Court in resolving the matters raised in the Bankruptcy Court proceedings and, ordinarily, the Court would weigh that benefit in determining the merits of the motion. Defendants argue, however, that the Court should not even consider the propriety of entering any judgment in the instant action until the Ninth Circuit Bankruptcy Appellate Panel rules on the merits of defendants' respective appeals of the Bankruptcy Court's rulings on the motions to lift the automatic stay.

Generally, the filing of an appeal divests the trial court of jurisdiction over the aspects of the case involved in the appeal. See, e.g., Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997).  The Court has located no decision in which an appellate court has discussed whether the filing of an appeal of a bankruptcy court's order lifting the automatic stay to allow proceedings to go forward in a district court deprives the district court of jurisdiction to conduct such proceedings pending conclusion of the appeal.  The Ninth Circuit's decision in In re Bialac, 694 F.2d 625 (9th Cir. 1982) suggests, however, that this

3

Court may lack jurisdiction to consider the instant motion.

In Bialac, a creditor sought relief in the Bankruptcy Court from an automatic stay, in order to pursue foreclosure on a note securing a judgment it held against the bankruptcy debtor.  See id. at 626.  The bankruptcy judge lifted the stay, an appeal was filed, and both the Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals refused to stay the Bankruptcy Court's order pending appeal.  See id.  While the matter was on appeal, and before the creditor could foreclose on the note, the debtor obtained an injunction against the foreclosure from another bankruptcy judge.  See id.  The Ninth Circuit affirmed the Bankruptcy Appellate Panel's order vacating the injunction issued by the second judge, finding the second judge lacked jurisdiction over the matter because the issues before that judge were the same as those presented in the motion before the first judge, and that "[t]he pending appeal divested the lower court of jurisdiction to proceed further in the matter."  See id. at 627.  Bialac thus suggests that the filing of an appeal not only divests the court that issued the appealed order of jurisdiction over the matter, but may divest other courts of jurisdiction over the matter, as well.[1]  Here, because the Bankruptcy Court lacks jurisdiction over the matters involved in the appeal, this Court, likewise, may lack jurisdiction to take action on those matters.

Even if this Court does not lack jurisdiction to consider Excel's motion, however, it nonetheless declines to hear the instant motion pending conclusion of the appellate proceedings.  The reason the filing of a notice of appeal generally divests a court of jurisdiction over the matter appealed "is to avoid the potential confusion and waste of resources from having the same issue before two separate courts at the same time."  See In re Silberkraus, 336 F.3d 864, 869 (9th Cir. 2003).  Here, the issue on appeal is whether the Bankruptcy Court erred by lifting the automatic stay as to one aspect of the case but not as to others.  Were this Court to consider Excel's motion, this Court would be

---

[1] The Court notes that the Bankruptcy Court and this Court are, essentially, part of a single court.  See 28 U.S.C. § 152(a)(1) ("Bankruptcy judges shall serve as judicial officers of the United States district court").

4

determining the propriety of allowing the litigation to proceed as to that one aspect alone, which is a matter entangled with the issues currently pending before the Bankruptcy Appellate Panel. If the Bankruptcy Appellate Panel ultimately reverses the Bankruptcy Court's order, any action taken by this Court based on that order likely would need to be set aside.

Finally, were this Court to grant Excel's motion to enter judgment on its infringement claims, defendants could be expected to appeal that judgment on the ground this Court's authority to enter such a judgment derived solely from the purportedly erroneous Bankruptcy Court order lifting the automatic stay. Any such appeal would not be filed with the Ninth Circuit Bankruptcy Appellate Panel, but with the Federal Circuit. See 28 U.S.C. § 1295(a)(1). The procedural difficulties and confusion that could result if the parties were required to litigate the issue simultaneously in two different appellate courts could be avoided if this Court were to decline to decide Excel's motion until the conclusion of defendants' appeals of the Bankruptcy Court's orders.

Accordingly, because it is unclear whether the Court has jurisdiction to hear the instant motion, and for reasons of judicial economy, the Court will decline to hear Excel's motion at this time.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Excel's motion, without prejudice to Excel's refiling the motion if the Bankruptcy Court's order lifting the automatic stay is upheld on appeal.

**IT IS SO ORDERED.**

Dated: July 11, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge