IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL INNOVATIONS, INC., | No. C-03-3125 MMC |
|     Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
|   v. | |
| INDIVOS CORPORATION, et al., | (Docket No. 296) |
|     Defendants. | |

     Before the Court is plaintiff's motion, filed July 25, 2005, for leave to file a motion for reconsideration of the Court's July 11, 2005 order denying without prejudice Excel's motion for entry of judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, on the issue of patent ownership.  Having considered the motion for leave to file a motion for reconsideration, the Court is satisfied that it has jurisdiction to consider plaintiff's Rule 54(b) motion despite the pendency of the appeal of the bankruptcy court's order lifting the automatic stay to allow the Rule 54(b) motion to be filed in this Court.  See In re Marino, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999) ("[W]hile an appeal of an order is pending, the trial court retains jurisdiction to implement or enforce the order.")  The Court also is satisfied that it should not stay its consideration of the Rule 54(b) motion pending the appeal in the absence of either (1) an order from the bankruptcy court staying its order lifting the automatic stay, or (2) a showing why such relief was not obtained from the bankruptcy court.  See Fed. R. Bankr. Proc. 8005.

     Turning to the merits of the Rule 54(b) motion, the Court "must take into account

judicial administrative interests as well as the equities involved." See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980). In conducting such analysis, the Court requires additional briefing on the following issues. First, assuming the Court grants the motion to enter a Rule 54(b) judgment on the issue of patent ownership, how would a reversal by the Bankruptcy Appellate Panel of the bankruptcy court's order lifting the automatic stay affect the appeal of the patent ownership judgment in the Federal Circuit? Second, if the Ninth Circuit reversed the bankruptcy court's order lifting the automatic stay after the Federal Circuit ruled on the merits of the appeal of the patent ownership judgment, how would the Federal Circuit's ruling be affected? Third, if the Federal Circuit held that plaintiff owns the patents at issue, and this Court later determined that defendants' pending motion for terminating sanctions against plaintiff should be granted, would the Federal Circuit's ruling be affected in any way? Fourth, as Ned Hoffman ("Hoffman") and Aviv LLC ("Aviv") are also in bankruptcy proceedings, and the automatic stay has not been lifted as to those parties, would they be bound by the Federal Circuit's ruling on Excel's appeal of the patent ownership judgment?

Accordingly, for the reasons set forth above, Excel's motion for leave to file a motion for reconsideration is hereby GRANTED. No later than September 2, 2005, Excel shall file its motion for reconsideration, which shall not exceed fifteen pages in length and which shall address the issues set forth above. No later than September 9, 2005, defendants shall file an opposition of no more than fifteen pages in length. No later than September 16, 2005, plaintiff may file a reply of no more than ten pages in length. The motion will be taken under submission at that time and decided without a hearing, unless the Court decides, after reviewing the parties' submissions, that oral argument would assist the Court.

This order terminates Docket No. 296.

**IT IS SO ORDERED.**

Dated: August 24, 2005

MAXINE M. CHESNEY
United States District Judge

2