IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INDIVOS CORPORATION, et al., <br><br> Defendants. <br> _____ / | No. C-03-3125 MMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> (Docket No. 298) |

  Before the Court is plaintiff's motion, filed September 2, 2005, for reconsideration of the Court's July 11, 2005 order denying without prejudice plaintiff Excel Innovations, Inc.'s ("Excel") motion for entry of judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, on the issue of patent ownership.  Defendants have filed opposition to the motion, to which Excel has replied.  Defendants also have filed a request to file a surreply, which the Court has granted, in a separate order.

  As noted in the Court's August 24, 2005 order granting Excel leave to file a motion for reconsideration, the Court is satisfied that it has jurisdiction to consider plaintiff's Rule 54(b) motion despite the pendency of defendants' appeal of the bankruptcy court's order lifting the automatic stay to allow Excel to file its Rule 54(b) motion before this Court.  See In re Marino, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999) ("[W]hile an appeal of an order is pending, the trial court retains jurisdiction to implement or enforce the order.")  Further, as noted in the Court's August 24, 2005 order, the Court also is satisfied that it should not stay its consideration of the Rule 54(b) motion pending the appeal, in the absence of either

1  (1) an order from the bankruptcy court staying its order lifting the automatic stay, or (2) a
2  showing why such relief was not obtained from the bankruptcy court.  See Fed. R. Bankr.
3  Proc. 8005.  No such showing has been made.
4      Turning to the merits, Rule 54(b) provides that "the court may direct the entry of a
5  final judgment as to one or more but fewer than all of the claims or parties only upon an
6  express determination that there is no just reason for delay and upon an express direction
7  for the entry of judgment."  See Fed. R. Civ. P. 54(b).  In considering whether to grant a
8  Rule 54(b) motion, the Supreme Court has stated that courts "must take into account
9  judicial administrative interests as well as the equities involved," and expressly noted that
10 "sound judicial administration does not require that Rule 54(b) requests be granted
11 routinely."  See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 10 (1980); see
12 also Wood v. GCC Bend, LLC, 2005 WL 2126786 at *3 (9th Cir. Sept. 5, 2005).
13     In determining whether to enter judgment under Rule 54(b), courts must "assure that
14 application of the Rule effectively preserves the historic federal policy against piecemeal
15 appeals."  See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. at 8.  The district
16 court may consider "such factors as whether the claims under review [are] separable from
17 the others remaining to be adjudicated and whether the nature of the claims already
18 determined [is] such that no appellate court would have to decide the same issues more
19 than once even if there were subsequent appeals."  See Curtiss-Wright Corp. v. General
20 Electric Co., 446 U.S. at 8.  The district court also may consider whether "an appellate
21 resolution of the certified claims would facilitate a settlement of the remaining claims."  See
22 id. at 8 n.2.  "[B]ecause the number of possible situations is large," however, the Supreme
23 Court has been "reluctant either to fix or sanction narrow guidelines for the district courts to
24 follow" in evaluating Rule 54(b) motions.  See id. at 10-11.
25     In the instant case, with respect to judicial administrative interests, the Court
26 recognizes that granting the Rule 54(b) motion may facilitate the resolution of Excel's
27 bankruptcy proceeding.  The Court finds, however, that granting the Rule 54(b) motion
28 would create the potential for a number of procedural problems in light of (1) defendants'

2

pending appeal of the bankruptcy court's order upon which this Court's jurisdiction to entertain the instant Rule 54(b) motion depends; and (2) the separately pending bankruptcy petition of counterdefendant Aviv LLC ("Aviv"), to whom ownership rights in the patents purportedly were assigned by Excel, and as to whom the automatic stay remains in effect. Under such circumstances, the Court cannot say with a reasonable degree of certainty that "no appellate court would have to decide the [issue of patent ownership] more than once." See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. at 8.

Further, equitable considerations do not weigh in favor of a partial judgment herein, given the very serious allegations raised in defendants' motion for terminating sanctions, which the Court is not permitted to address at this time due to the automatic stay of those proceedings against Excel, and which ultimately could result in the dismissal of plaintiff's infringement claims.

Accordingly, the Court hereby DENIES plaintiff's motion to reconsider the Court's decision not to grant entry of judgment pursuant to Rule 54(b) on the issue of patent ownership, and plaintiff's Rule 54(b) motion is hereby DENIED.

This order terminates Docket No. 298.

**IT IS SO ORDERED.**

Dated: September 28, 2005

MAXINE M. CHESNEY
United States District Judge