IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL INNOVATIONS, INC., | No. C-03-3125 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO RE-OPEN CASE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |
| v. | |
| INDIVOS CORPORATION, et al., | |
| Defendants | |
| INDIVOS CORPORATION, et al., | |
| Counterclaimants | |
| v. | |
| EXCEL INNOVATIONS, INC., et al., | |
| Counterdefendants / | |

Before the Court is plaintiff/counterdefendant Excel Innovations, Inc.'s ("Excel") administrative motion filed December 20, 2007, to re-open the case. Defendants/counterclaimants Indivos Corporation and Solidus Networks, Inc. (collectively, "defendants") have filed a response, to which Excel has filed a reply.[1]

---

[1] Defendants subsequently filed a motion to strike Excel's reply, on the ground that a reply in support of an administrative motion is not authorized by this District's Local Rules; in the alternative, defendants submit therein a response on the merits of the reply and request the Court consider defendants' motion to strike as, in effect, a sur-reply, to the extent it addresses the merits. The Court hereby grants defendants' motion for the

| | |
|---|---|
| 1 | On June 18, 2004, Excel notified the Court that it had initiated bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") and, consequently, the above-titled action had been automatically stayed pursuant to 11 U.S.C. § 362(a). In light of the stay, the Court conditionally closed the above-titled action and provided that "[u]pon written application by any party, for good cause shown, this case shall be re-opened and restored to the active civil calendar." (See Order Conditionally Closing Case in Bankruptcy filed June 21, 2004 at 1:23-24.) |

On June 18, 2004, Excel notified the Court that it had initiated bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") and, consequently, the above-titled action had been automatically stayed pursuant to 11 U.S.C. § 362(a). In light of the stay, the Court conditionally closed the above-titled action and provided that "[u]pon written application by any party, for good cause shown, this case shall be re-opened and restored to the active civil calendar." (See Order Conditionally Closing Case in Bankruptcy filed June 21, 2004 at 1:23-24.)

In the instant motion, Excel asserts good cause exists to re-open the case based on a recent order by the Bankruptcy Court, dated November 5, 2007, which "modified" the stay "to permit full and complete adjudication and final resolution of all claims pending in the [instant action]," (see Pl.'s Mot. to Re-open Case Ex. 3 at 2:2-5).[2]

Defendants argue that, notwithstanding the Bankruptcy Court's order, new grounds exist that warrant maintaining the stay. Specifically, defendants assert that their own initiation of bankruptcy proceedings in the United States Bankruptcy Court for the Central District of California on December 14, 2007 triggered an automatic stay of this action with respect to those claims brought against defendants. (See Defs.' Notice of Commencement of Bankruptcy Case at 1:2-19.) Because defendants' counterclaims mirror Excel's claims against defendants, defendants argue, in the interest of judicial economy such counterclaims likewise should not be adjudicated.

Defendants' argument is based on the assumption that Excel has viable claims remaining in this action. In fact, all of Excel's claims and counter-counterclaims have been resolved, either, in effect, by partial summary adjudication, (see Order dated May 24, 2004 at 49:15-17), or, formally, by dismissal, (see Order dated October 16, 2006 at 1:7-20).

Accordingly, Excel's motion to re-open is hereby GRANTED and the stay previously entered is hereby lifted to the extent it applies to defendants' counterclaims against Excel.

---

alternative relief requested and, accordingly, will consider both the reply and sur-reply.

[2] The Bankruptcy Court's order became effective thirty days after the date of entry, (see id. at 2:8-9), i.e., December 5, 2007.

2

In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 31, 2008

_____
MAXINE M. CHESNEY
United States District Judge